# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re WILLIAM W. PLISE,<br><br>Debtor,<br><br>SHELLEY D. KROHN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL D. STIPP, et al.,<br><br>Defendants. | Case No.: 2:14-cv-00169-JAD-PAL<br><br>Bankr. No. 12-14724-LBR-LBR<br>Bankr. Adv. No. 13-01209-LBR<br><br>**Draft Order Denying Defendant's Motion for Withdrawal of the Reference to the Bankruptcy Court (#1)** |

Currently before the Court is Defendants James Moore's, MSJM Advisors, LLC's and American Vista Consulting, LLC's Joint Motion for Withdrawal of the Reference of the Adversary Proceeding, Case No. 13-01209-LBR, to the Bankruptcy Court ("Motion").[1]  On January 29, 2014, Shelly Krohn, in her capacity as Chapter 7 Trustee of the William Walter Plise bankruptcy estate ("Plaintiff") filed her Response.[2]  On February 6, 2014, Defendants filed their Reply.[3]  For the reasons discussed below, the Motion is denied without prejudice.

## I.

## BACKGROUND

On April 23, 2012, William Plise ("Debtor") filed for bankruptcy under Chapter 7 of the Bankruptcy Code.[4]  While his bankruptcy schedules amount to a no-asset bankruptcy estate, the Chapter 7 Trustee concluded after significant investigation of the Debtor's financial affairs that he

---

[1] Doc. 1.

[2] Doc. 1-3.

[3] Doc. 3.

[4] Doc. 1-2 at 4.

transferred significant sums of money to related entities.[5] Accordingly, on November 19, 2013, the Chapter 7 Trustee filed an adversary complaint against several individuals and entities seeking to avoid the alleged money transfers under several theories including alter ego and fraudulent transfer under Bankruptcy Code section 544(b).[6]

On January 29, 2014, Defendants moved for withdrawal because they have demanded a jury trial, several of the Trustee's claims are non-core, and because the bankruptcy court cannot finally adjudicate those claims in light of *Stern v. Marshall*[7] and its progeny.[8] Plaintiff counters that the bankruptcy court is best suited to handle all of the pre-trial matters in this proceeding because that court has been handling this case since its commencement;[9] as a result, the bankruptcy court has gained substantial knowledge of the Debtor's business affairs and the resulting relationships among several affiliates and individuals, including Defendants.[10] Defendants reply that, among other things, judicial efficiency is best served when the court hearing the discovery disputes, dispositive motions, and motions in limine is the same court that will ultimately conduct the trial.[11]

## II.
### Discussion

Federal courts have original jurisdiction over civil proceedings arising under, arising in or related to bankruptcy cases.[12] The district court may refer such matters to a bankruptcy judge,[13] and under LR 1001(b)(1) that is precisely what this District does. A reference to the bankruptcy court

---

[5]*Id*. at 5.

[6]Doc. 1-1 at 46, 49.

[7]131 S. Ct. 2594 (2011).

[8]Doc. 1-1 at 4-6.

[9]Doc. 1-3 at 14.

[10]*Id*. at 18.

[11]Doc. 3 at 5.

[12]28 U.S.C. § 1334(a); *McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1179 (9th Cir.2002).

[13]28 U.S.C. § 157(a).

2

may be subject to a permissive or mandatory withdrawal, depending on the circumstances presented.[14]  Withdrawal is mandatory in cases requiring material consideration "of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[15]  Withdrawal is permissive in any case or proceeding referred to a bankruptcy court upon the district court's own motion, or on a party's timely motion for cause shown.[16]  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[17]  "Other factors that could be relevant are whether the issues are core or non-core proceedings, and the right to a jury trial."[18]

The Bankruptcy Code recognizes a distinction between core and non-core bankruptcy matters:[19]

> In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master. In noncore matters, the bankruptcy court may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore matters are subject to de novo review by the district court.... In contrast to the bankruptcy court's authority in noncore cases, the bankruptcy court may enter final judgments in so-called core cases, which are appealable to the district court.[20]

The fraudulent conveyance claims at issue here are statutorily core claims.[21]  However, the

---

[14]*See* 28 U.S.C. § 157(d); LR 5011(e).

[15]*Id*.

[16]*Id*.

[17]*Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

[18]*Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 587 (D. Nev. 2012) (citations omitted).

[19]*Taxel v. Electronic Sports Research (In re Cinematronics, Inc)*, 916 F.2d 1444, 1449 (9th Cir. 1990).

[20]*Id*. (citations omitted).

[21]*See* 28 U.S.C. § 157(b)(2)(H) (listing actions to recover fraudulent conveyances as a core proceeding).

3

Ninth Circuit recently held that, despite this statutory grant of power to bankruptcy courts, those courts nevertheless lack the constitutional authority to enter final judgment on fraudulent conveyance claims.[22] The court also held that notwithstanding this limit, bankruptcy courts may constitutionally hear such claims and prepare recommendations for de novo review by the federal district courts.[23] Thus, there is no infirmity constitutional or otherwise in allowing the bankruptcy court to continue presiding over this case in all pretrial matters, merely because this Court will preside over any ultimate jury trial.

Defendants argue that the first two factors under *Security Farms*—efficient use of judicial resources and minimizing delay and costs to the parties—favor withdrawal.[24] Emphasizing the non-core nature of this case, the thrust of Defendants' argument is that by withdrawing the reference, the Court would not need to perform a *de novo* review of the bankruptcy court's proposed findings and conclusions on dispositive pretrial matters.[25] Defendants also assert that because this Court will ultimately conduct the trial in this matter, efficiency is promoted if this Court conducts all pretrial activity, including discovery.[26] Finally, Defendant argues that because withdrawing the reference would essentially collapse two rounds of briefing on the same issue into one, it would be economical.[27]

Plaintiff counters that because the bankruptcy court has managed the Debtor's bankruptcy case and several related adversary proceedings that court has developed extensive knowledge of the Debtor's prepetition management and operations, and the relationship between its many affiliates in

---

[22]*In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565 (9th Cir. 2012) *cert. granted*, 133 S. Ct. 2880, 186 L. Ed. 2d 908 (U.S. 2013) *and aff'd sub nom. Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (U.S. 2014)

[23]*Id*. at 566.

[24]Doc. 1 at 5-8.

[25]*Id*. at 7.

[26]*Id*. at 9-10.

[27]*Id*. at 7.

4

relation to Defendants.[28] Moreover, the instant proceeding is but one of several related adversary proceedings against currently pending before the bankruptcy court.[29] There is overlap in these cases: Plaintiff is seeking to avoid fraudulent conveyances in the other cases as well.[30][31]

The Court finds persuasive the fact that the bankruptcy court has developed significant knowledge in this case as a result of handling it since its inception. There are several adversary cases proceeding before the bankruptcy court under the Debtor's main bankruptcy case, including the instant matter. Additionally, the bankruptcy court has developed a familiarity with the parties as a result of its handling of both the Debtor's bankruptcy case in the main and the adversary proceedings thereunder; judicial efficiency will best be served by allowing the court most familiar with the parties and issues to address them. The bankruptcy court is better positioned to deal with all pretrial matters, including dispositive motions, in the first instance. As a result, this Court finds that withdraw of the reference will neither aid judicial efficiency nor reduce delay. The Court recognizes that a second round of briefing on those matters for which the bankruptcy court may only enter findings and recommendations will increase costs, but this consideration alone is not sufficient to justify withdrawal at this time.

For the same reasons, granting the motion will slightly, if at all, impact the uniformity of bankruptcy administration. Thus, the third *Security Farms* factor weighs neutrally.

As to the final *Security Farms* factor, the Court agrees with Defendants that withdrawing the reference will not constitute forum shopping,[32] because in any event, the case will end up before this Court for final adjudication on dispositive motions, and perhaps trial. Nevertheless, this factor taken together with the likely increase in cost to Defendants, simply does not overcome the weight this Court puts on the familiarity the bankruptcy court has with the complex relationships between the Debtor, his bankruptcy estate, and those parties to the adversary proceedings already underway

---

[28] Doc. 1-3 at 5.

[29] *Id*. at 5.

[30] *Id*.

[31] *Id*.

[32] Doc. 1 at 9.

before that court.

### III.
### Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Withdrawal of the Reference **(Doc. 1) is DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the bankruptcy court shall conduct all pretrial matters and may present reports and recommendations on dispositive issues when the bankruptcy court deems it appropriate.

Dated this 17th day of July, 2014.

_____
Jennifer A. Dorsey
United States District Judge