UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re WILLIAM W. PLISE,<br><br>        Debtor<br>_____<br>SHELLEY D. KROHN, Chapter 7 Trustee,<br><br>        Plaintiff<br><br>vs.<br><br>MITCHELL D. STIPP, an individual, et al.,<br><br>        Defendants | Case No. 2:14-cv-00169-JAD-PAL<br><br>Bankr. Case No. BK-S-12-14724-GS<br>Chapter 7<br><br>Bankr. Adv. Proc. No. 13-01209-GS<br><br>**Order Denying Defendants' Renewed Joint Motion to Withdraw the Reference for Adversary Proceeding No. 13-01209 [Doc. 7]** |

Defendants James L. Moore, MSJM Advisors, LLC, and American Vista Consulting, LLC's renew their joint motion for withdrawal of the reference to the bankruptcy court for this adversary proceeding.[1] Plaintiff Shelley D. Krohn, in her capacity as Chapter 7 Trustee, filed a response[2] with supporting declarations,[3] and defendants filed a reply.[4]

When I denied defendants' previous motion for withdrawal of the reference without prejudice, I ordered that "the bankruptcy court shall conduct all pretrial matters and may present reports and recommendations on dispositive issues when the bankruptcy court deems it appropriate."[5] Defendants argue that the time is now ripe to withdraw the reference because "all pretrial matters . . . have concluded and this proceeding is now ready for jury trial at the first

---

[1] Doc. 7.  I find this motion suitable for disposition without oral argument.  Nev. L.R. 78-2.

[2] Doc. 8.

[3] Docs. 9–11.

[4] Doc. 12.

[5] Doc. 6 at 6:7–9.

available dates on the Court's calendar."[6] Plaintiff responds that withdrawal of the reference is premature because (1) the bankruptcy court has not ruled on plaintiff's Motion for Substantive Consolidation, Nunc Pro Tunc as of the Petition Date Pursuant to 11 U.S.C. § 105(a) and (2) the times to conduct expert discovery and file dispositive motions have not yet expired under the parties' joint discovery plan.[7] Defendants reply that all deadlines established by the parties' joint discovery plan have expired and the substantive consolidation motion, which plaintiff filed in the underlying bankruptcy case, is not cause to delay trial in this adversary proceeding because defendants have no intention of litigating the issues raised in that motion.

The parties' disputes regarding whether the (1) substantive consolidation motion will affect this adversary proceeding and (2) the discovery deadlines have expired are precisely the types of pretrial proceedings that I directed the parties to resolve in the bankruptcy court. It does not appear from the record before me that the parties raised those issues with the bankruptcy court in the first instance. I therefore deny the renewed motion without prejudice.

## Background

### I. Defendants' first motion for withdrawal of the reference

On January 29, 2014, defendants moved to withdraw the reference of this adversary proceeding to the bankruptcy court on the grounds that they demanded a jury trial and several of plaintiff's claims are non-core. Thus, defendants argued, those claims could not be finally adjudicated by the bankruptcy court in light of *Stern v. Marshall*[8] and its progeny.[9] In ruling on the motion, I found that the fraudulent-conveyance claims at issue are statutorily core claims.[10] I was mindful that, despite this statutory grant of power, the Ninth Circuit decided in *In re Belllingham Ins.*

---

[6] Doc. 7 at 3:5–10.

[7] Doc. 8 at 3, 4.

[8] *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

[9] Doc. 6 at 2:5–7 (citing Doc. 1-1 at 4–6).

[10] Doc. 6 at 3:17 (citing 28 U.S.C. § 157(b)(2)(H)).

*Agency, Inc.*[11] that bankruptcy courts nevertheless lack the constitutional authority to enter final judgment on fraudulent transfer claims. But the Ninth Circuit also held that, notwithstanding this limit, bankruptcy courts may constitutionally hear those claims and prepare recommendations for de novo review by the federal district courts.[12] I thus found that "there is no infirmity constitutional or otherwise in allowing the bankruptcy court to continue presiding over this case in all pretrial matters, merely because this Court will preside over any ultimate jury trial."[13] And after analyzing the factors announced by the Ninth Circuit in *Security Farms*,[14] I determined that the "bankruptcy court is better positioned to deal with all pretrial matters, including dispositive motions, in the first instance" and that "withdrawal of the reference will neither aid judicial efficiency nor reduce delay."[15] Accordingly, I denied the motion without prejudice and ordered that "the bankruptcy court shall conduct all pretrial matters and may present reports and recommendations on dispositive issues when [it] deems appropriate."[16]

## II. Matters before the bankruptcy court

Debtor William Plise filed for bankruptcy under Chapter 7 of the Bankruptcy Code on April 23, 2012, and plaintiff was appointed Chapter 7 Trustee of the Plise Estate.[17] Although the debtor's bankruptcy schedules amounted to a no-asset bankruptcy estate,[18] plaintiff concluded after significant

---

[11] *In the Matter of Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565 (9th Cir. 2012) *cert. granted*, 133 S.Ct. 2880, 186 L.Ed 2d 908 (U.S. 2013) *and aff'd sub nom. Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165 (U.S. 2014).

[12] *Id.* at 566.

[13] Doc. 6 at 4:5–7.

[14] *Sec. Farms v. Intl. Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

[15] Doc. 6 at 5:10–12.

[16] Doc. 6 at 6:5–9.

[17] Doc. 7 at 3:15–17.

[18] Doc. 8 at 6 ¶¶ 6–9.

investigation of the debtor's financial affairs that he transferred substantial sums of money to related entities.[19] Accordingly, on November 19, 2013, plaintiff filed an adversary complaint against several individuals and entities, including the movant-defendants, seeking to avoid and recover the alleged money transfers under several theories including alter ego.[20]

On February 28, 2014, the parties filed a joint discovery plan with the bankruptcy court setting the deadline for dispositive motions and expert witness reports 90 days before trial.[21] The parties stated that they anticipated being ready for trial by August 24, 2015.[22] The bankruptcy court has not approved a discovery plan[23] and I have not set a trial date for this adversary proceeding.

On April 23, 2014, plaintiff commenced a second adversary proceeding (seeking to avoid and recover other alleged fraudulent transfers under several theories including alter ego) against a different group of defendants that plaintiff refers to as the "GY Property Defendants."[24] The GY Property Defendants moved the bankruptcy court to dismiss that adversary proceeding arguing, *inter alia*, "that the doctrine of alter ego does not provide Plaintiff with standing to avoid transfers by entities owned and controlled by the Debtor."[25] The bankruptcy court issued a verbal ruling granting the GY Property Defendants' motion to dismiss with leave to amend:

> For these reasons, the Court grants the motion to dismiss. However, at the Trustee's request, the Court will grant the trustee 30 days from the entry of an order granting the motion to dismiss to amend the complaint or to take such action as she may deem necessary to assert her causes of action to recover the challenged transfers.
>
> Specifically, I am referring to any actions regarding substantive

---

[19] Doc. 8 at 6–7 ¶¶ 10–11.

[20] Doc. 8 at 7–8 ¶¶ 14–17.

[21] Doc. 9 ¶ 22.

[22] Doc. 9 ¶ 22.

[23] Doc. 8 ¶ 44.

[24] Doc. 9 ¶ 25.

[25] Doc. 9 ¶ 27.

> consolidation. Both parties discussed with considerable familiarity the requirements of substantive consolidation. It hangs over this case like a cloud. The trustee must now decide what she wants to do with regard to her claims for fraudulent conveyance, in particular, and whether substantive consolidation will allow her to bridge that gap.
>
> The moving defendants have challenged the effectiveness of substantive consolidation, but that matter awaits and is not part of this determination. **I will note, however, that as set forth in Bonham[26] and other cases, substantive consolidation is a drastic and holistic remedy. It does not apply merely to an adversary proceeding, nor do I believe that it would be appropriate to seek substantive consolidation solely within this adversary proceeding as it affects the determination of assets and liabilities of the underlying estate.**[27]

The bankruptcy court followed up with a written order on April 10, 2015.[28]

On May 11, 2015, plaintiff filed (1) a first amended complaint in the adversary proceeding against the GY Property Defendants seeking, *inter alia*, substantive consolidation under 11 U.S.C. § 105(a), and (2) a Motion for Substantive Consolidation, Nunc Pro Tunc as of the Petition Date Pursuant to 11 U.S.C. § 105(a) in the debtor's main bankruptcy case.[29] Plaintiff contends that the substantive consolidation motion filed in the main bankruptcy case seeks not only "to consolidate the Debtor entities in the GY Property Adversary Proceeding, but also the related Debtor entities in th[is] Moore Adversary Proceeding."[30] The bankruptcy court scheduled a status hearing on the substantive consolidation motion for July 30, 2015.[31]

Shortly after and "in light" of plaintiff's Substantive Consolidation Motion, counsel for the

---

[26] *Alexander v. Compton (In re Bonham)*, 229 F.3d 750 (9th Cir. 2000).

[27] Doc. 9 ¶¶ 28–30; Doc. 9-1 at 46:18–47:15 (emphasis added) (Transcr. of Oral Ruling Re: Motion to Dismiss Case (GY Property Holdings, LLC, Nielsen Investment, LLC and David Senior's First Joint Motion to Dismiss Complaint and Motion for More Definite Statement) Filed by Brigid M. Higgins on Behalf of GY Property Holdings, LLC, Nielsen Investments, LLC, David Senior [179] (Feb. 20, 2015)).

[28] Doc. 9 ¶ 31.

[29] Doc. 9 ¶¶ 32–33.

[30] Doc. 9 ¶ 33.

[31] Doc. 9 ¶¶ 34–35.

parties communicated about extending the deadlines in this adversary proceeding to file expert reports and dispositive motions, but they did not reach a final agreement.[32] Defendants then renewed their motion for withdrawal of the reference.

### Discussion

Defendants ask me to decide that pretrial proceedings are complete and this adversary proceeding is now ready for trial. But the parties dispute whether the time to conduct pretrial proceedings (like expert discovery and dispositive-motion practice) has expired. They also dispute whether the matters at issue in plaintiff's substantive consolidation motion could affect those at issue in this adversary proceeding.

The parties' disputes are quintessentially pretrial ones. When I denied without prejudice defendants' initial motion for withdrawal of the reference, I ordered that "the bankruptcy court shall conduct all pretrial matters and may present reports and recommendations on dispositive issues when [it] deems appropriate."[33] It does not appear from the record before me that the parties raised either of these pretrial disputes with the bankruptcy court in the first instance. Defendants' motion is therefore denied.

Because this adversary proceeding will end up before me for final adjudication on dispositive motions and perhaps trial, in the event the bankruptcy court determines that the time to conduct pretrial proceedings has not expired, I advise the parties to propose and obtain bankruptcy court approval of an amended discovery plan setting deadlines for all unexpired pretrial matters consistent with Local Rule 26-1. This will ensure that deadlines for those pretrial proceedings are calculated from a date certain, e.g., 60 days before the discovery cut-off date, not as a function of the date set for trial.

### Conclusion

Accordingly, it is HEREBY ORDERED that Defendants James L. Moore, MSJM Advisors, LLC, and American Vista Consulting, LLC's Renewed Joint Motion to Withdraw the Reference for

---

[32] Doc. 8 ¶¶ 34–42; Doc. 10 ¶¶ 5–9; Doc. 11 ¶¶ 5–8.

[33] Doc. 6 at 6:5–9.

Adversary Proceeding No. 13-01209 and Supporting Memorandum of Law **[Doc. 7] is DENIED without prejudice.**

Dated this 19th day of August, 2015

_____
Jennifer A. Dorsey
United States District Judge